IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOEL HAVEMANN                *
                             *
                             *
    v.                       *    Civil No. – JFM-12-1235
                             *
CAROLYN W. COLVIN            *
                          ******

## MEMORANDUM

Plaintiff brings this action under the Freedom of Information Act, seeking to have the Social Security Administration release certain records under the Act. Defendant produced some, but not all, of the documents requested by plaintiff. Defendant has filed a motion for summary judgment. The motion will be granted.

This is the second FOIA request filed against the Commissioner of the Social Security Administration by plaintiff. In the earlier action Judge Ellen Hollander denied the request, 2012 WL 4378143 (D. Md. 2012), and her ruling was affirmed by the Fourth Circuit on appeal. 537 Fed. Apps. 142 (2013). Because of a disparity in caseload, this action has been transferred from Judge Hollander to me.

I.

Plaintiff complains that defendant was unreasonably dilatory in acting upon his FOIA request. Plaintiff is correct that a substantial period of time elapsed after he filed his request and defendant acted upon it. However, the delay is explained not only by the complexity of the issues presented but also by the fact that defendant acted entirely reasonably in waiting until Judge Hollander and the Fourth Circuit had ruled in the earlier case.

II.

Plaintiff asserts that the earlier rulings of Judge Hollander and the Fourth Circuit did not constitute the "law of the case" because his present request differs from the earlier request that resulted in those rulings.  Defendant has never argued to the contrary.  Rather, she merely asserts that the issues in the two cases are sufficiently intertwined that it is appropriate to consider affidavits filed in the earlier case in connection with the present case.  I fully agree with that assertion.

III.

Plaintiff appears to concede that the information he has requested might result in the identification of individual Social Security beneficiaries.  Whether or not he has, in fact, made that concession, I am satisfied that the risk of identification of Social Security beneficiaries exists.  Unless the public interest invoked by plaintiff warrants the running of that risk, individuals, who participate in the Social Security program should not have their identities revealed.  In that regard, this case is unlike *Casa de Maryland, Inc. v. United States Dep't of Homeland Sec.*, 409 F. App'x at 697 (4th Cir. 2011), where the persons whose identities were revealed were not ordinary citizens but official government agents who were suspected of having engaged in improper conduct.

IV.

To the extent that plaintiff has articulated any public interest that would be served by the disclosure he seeks, the interest is ephemeral.  *See generally, U.S. Dep't of State v. Ray,* 502 U.S. 164, 179 (1991).  Of course, it can always be said to be in the public interest to challenge the reasonableness with which bureaucracies perform the tasks assigned to them.  Here, however, plaintiff is free to publicize that officials of the Social Security Administration are underpaying

potential Social Security beneficiaries on the basis of the statements made by Ronald Coole, a former employee of the Social Security Administration.

Likewise, resolving any potential risks to Social Security benefits by the entry of a protective order is not feasible. *See National Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

A separate order granting defendant's motion for summary judgment is being entered herewith.

Date:  March 6, 2015	 __/s/_____
	J. Frederick Motz
	United States District Judge